**RYAN, Will of, In re**

Probate Court, Franklin Co.

No. 97850

Filed June 1, 1942.

**OPINION**

By McCLELLAND, J.

This matter comes on to be heard upon the application to admit to probate a document purporting to be, and offered as, the Last Will and Testament of Margaret Ryan, deceased. The evidence discloses that the estate is very small. The will makes a few specific bequests and then the remainder of the estate goes to St. Anthony's Hospital. Upon examination of the will we find that nowhere in the body of the will, or at the end thereof, appears the name of the testatrix. Without extraneous evidence no court could determine who executed that document. The Court has taken the testimony of the two witnesses who were employees of St. Anthony's Hospital, at which place Mrs. Ryan was located as a patient during the last

weeks of her life. The name of the testatrix is not attached to the will but there is a mark consisting of a cross which the witnesses both testified was put there by the testatrix with the assistance of one of the witnesses. The statute provides that:

"Such will shall be signed at the end by the party making it or by some other person in his presence and by his express direction, and be attested and subscribed in the presence of such party, by two or more competent witnesses, who saw the testator subscribe, or heard him acknowledge his signature."

It is therefore quite obvious that the testator is not compelled to personally sign his name or make his mark. In this case the testatrix was apparently not able to write or read. The witnesses said that they had known her at least six months and during that time had not seen her read, nor did they see her write anything at all. One of the witnesses testified that the day before the mark was affixed to the instrument the testatrix called her to her room and asked her to sign her will as a witness. This person was quite busy and said she would call the next day. Then the next day she and the other witnesses were called, and with the the assistance of one of the witnesses Mrs. Ryan made the mark which appears on the will. We have no court decision directly upon a similar situation in Ohio. Upon an examination of the Lifetime Edition of Page on Wills, Vol. 1, p. 521, there are citations to decisions of Courts of other states, which citations seem to support the contention of the proponents of the will in this case. The most important case, however, is that of Cunningham v Hallyburton reported at 302

Illinois, page 442. In that case the name of the testator did not appear on the paper, and the testator signed by simply making a mark. There were not even the customary words "his mark" to identify the actual mark of the testator. In that case the court held that the execution was sufficient to meet the requirements of the statute.

Upon an examination of those decisions we find that in a great portion of them the testator was either in extremis or illiterate. In the case at bar there is no positive evidence that the testatrix was illiterate, but both of the witnesses testified that they had been with her almost daily for six months prior to her death and during that time neither of them saw her write, nor did they see her read. The presumption therefore is that she was illiterate. There is no testimony before the Court to indicate a lack of testamentary capacity.

In the present case it appears that the will is in writing; it was signed at the end by the person making it, which signature was by mark, and it was witnessed by two persons who saw her make her mark. This testimony, in addition to the testimony that Mrs. Ryan called one of the witnesses the day before and stated to her that she wished her to witness her will, has induced this Court to come to the conclusion that the requirements of the statute have been met.

It is therefore the order of the Court that the will shall be admitted to probate as the Last Will and Testament of Margaret Ryan, deceased. An order may be drawn accordingly.